IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIAZ KHAN and all others similarly situated, | § § | |
| Plaintiffs, | § § | |
| V. | § | CIVIL ACTION NO. H-06-2862 |
| COUGAR STOP, INC., ET AL., | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's Motion for Class Notice and Expedited Discovery (Document No. 10), and Defendants' Response (Document No. 12) and Objections to and Motion to Strike Riaz Khan's Sworn Declaration Offered in Support of Plaintiff's Motion for Class Notice and Expedited Discovery (Document No. 11).  Having considered the motions, responses, and additional briefing, the Declaration of Plaintiff Khan, and the applicable law, it is ORDERED, for the reasons set forth below, that Defendants' Objections to Riaz Khan's Declaration are SUSTAINED IN PART, and Plaintiff's Motion for Class Notice and Expedited Discovery is DENIED.

This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  Plaintiff Riaz Khan ("Khan"), a former employee of Defendant, alleges that during the period of his employment as a cashier clerk/stocker/gas station attendant from February 15, 2006, until August 16, 2006, at the Truck Stop located at I-10 East and Normandy, he generally worked 73 hours per week, and was paid a set weekly gross salary of $200.00.  Khan seeks, with his Motion for Class Notice, conditional certification of a class of "all current and former non-exempt employees of Defendant who held the title of Cashier, Stocker, Clerk, Gas Station Clerk, or were

performing the job functions of a 'cashier', 'stocker', 'clerk', 'gas station attendant', or 'gas station clerk'. and who worked for the Defendant anywhere in the United States" from September 7, 2003, to the present. (Document No. 10 at pp. 2-3). In support of the Motion for Class Notice, Plaintiff has submitted his own sworn declaration. In addition, in subsequent submissions in response to Defendants' objections, Plaintiff has submitted records from the Texas Secretary of State relating to the ownership of Defendants. In response to Plaintiff's Motion for Class Notice, Defendants maintain that Khan has not met even the low quantum of proof required for conditional certification in a case such as this. In particular, Defendants argue that much of Khan's Declaration is objectionable as not being based on personal knowledge, lacking foundation, and/or being based on hearsay.

Section 16(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id*. Thus, unlike a FED. R. CIV. P. 23 class action, a representative action under § 16(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). *See also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975).

In *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989). Although the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has reviewed two methods used to resolve this issue. The first approach, the *Shushan* method, treats the "similarly situated"

inquiry as coextensive with Rule 23 class certification, and therefore, courts should look at numerosity, commonality, typicality and adequacy of representation factors to determine whether to certify a class. *See Mooney*, 54 F.3d at 1214, citing *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990). The second approach involves a two-stage class certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D. N.J. 1987). *See Mooney*, 54 F.3d at 1213. The two-stage process consists of a "notice" stage followed later by a "decertification" stage. *Mooney*, 54 F.3d at 1213-14. During the "notice" stage, the Court determines whether notice of the action should be given to potential class members. *Id*. Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in." *Id*. at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id*. At this stage, the Court makes a factual determination utilizing the information accrued from discovery on whether the plaintiffs are "similarly situated." *Id*. If the Court finds that the plaintiffs are "similarly situated," then the case proceeds as a representative action. *Id*. If the Court finds that the plaintiffs are not "similarly situated," then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id*.

Here, Khan has failed to satisfy the lenient standard recognized in *Lusardi*. The only evidence submitted by Khan that there are "similarly situated" individuals who were affected by Defendants' alleged wage practices, is the following statement in Khan's Declaration:

> Based upon discussions with my co-workers who are employees of Defendants, other employees of Defendants were, and are, not paid their overtime wages and minimum wage, despite the fact that they routinely work in excess of 40 hours per week.

*See* Document No. 10-2 at p. 2 of 3. Defendants object to this statement as being not based on personal knowledge, lacking in foundation, and conclusory. Defendants' objections are SUSTAINED. Moreover, even if the objections had not been sustained, that statement by Khan is insufficient to support conditional certification in this case. Khan has not identified one person by name or description *who was employed by Defendants under the same allegedly objectionable terms and conditions as he was*. Khan identifies four of his co-workers by name, but does not attest that any of these four individuals was employed in the same position, paid in the same manner, or required to work the same number of hours he was. In the absence of some such proof of similarly situated individuals conditional certification is not appropriate. *See, e.g., Dorsey v. J&V Communication Services, Inc.*, No. H-04-0496 (S.D. Tex. 2004); *Martinez-Chen v. American Heart Association*, Civil Action No. H-06-44 (S.D. Tex. 2006). Therefore, it is

ORDERED that Plaintiff's Motion for Notice and Expedited Discovery (Document No. 10) is DENIED. It is further

ORDERED that Defendants' Objections to Riaz Khan's Declaration (Document No. 11) are SUSTAINED in PART, and Defendants' Motion to Strike Riaz Khan's Declaration (Document No. 11) is DENIED as MOOT.

Signed at Houston, Texas, this 21th day of September, 2007.

Frances H. Stacy
United States Magistrate Judge

4